**CENTRALIA PLAZA DEVELOPMENT CORP., Plaintiff,**

v.

**M.R. TOPEL, Individually and as District Engineer, District 7, Illinois Department of Transportation, Defendant.**

Civ. No. 85–3193.

United States District Court,
S.D. Illinois,
East St. Louis Division.

Nov. 22, 1985.

Chris F. Pursell, Crain, Cooksey, Veltman & Pursell, Ltd., Centralia, Ill., for plaintiff.

Mike Southworth, Asst. Atty. Gen., Springfield, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge.

This matter is before the Court on the defendant's Motion to Dismiss (Document No. 6). Plaintiff filed this federal question complaint seeking to enjoin the defendant from proceeding with the relocation of Illinois Highway 161.

The Federal-Aid Highway Act, 23 U.S.C. §§ 101 et seq. establishes a program to aid the states in the construction of safe, efficient, and economical roads. State highway projects funded under this Act are subject to supervision by the Secretary of

Transportation (Secretary) who must make certain that the states meet various safety guidelines. The Secretary must also promulgate guidelines designed to assure that possible economic, social, and environmental effects of any project will be fully considered. 23 U.S.C. § 109(h).

A state wishing to obtain federal aid under the Act must first submit a general plan to Secretary. After the Secretary approves of the general plan, funds are allocated and the state then commences to develop specific plans. Before the state commits itself to any specific plan, the Act requires that the state must have hearings to ensure public participation. 23 U.S.C. § 128 provides:

(a) Any State highway department which submits plan for a Federal-aid highway project involving the bypassing of, or going through any city, town, or village, either incorporated or unincorporated, shall certify to the Secretary that it has had public hearings, or has afforded the opportunity for such hearings, and has considered the economic and social effects of such a location, its impact on the environment, and its consistency with the goals and objectives of such urban planning as has been promulgated by the community. Any State highway department which submits plans for an Interstate System project shall certify to the Secretary that it has had public hearings at a convenient location, or has afforded the opportunity for such hearings, for the purpose of enabling persons in rural areas through or contiguous to whose property the highway will pass to express any objections they may have to the proposed location of such highway. Such certification shall be accompanied by a report which indicates the consideration given to the economic, social, environmental, and other effects of the plan or highway location or design and various alternatives which were raised during the hearing or which were otherwise considered.

Rather than perform the detailed review mentioned above, the Secretary can, pursuant to 23 U.S.C. § 117, discharge his responsibilities under the Act by accepting a certification by the State highway department "of its performance of such responsibilities, if he finds such projects will be carried out in accordance with State laws, regulations, directions, and standards which will accomplish the policies and objectives contained in … [the Act]."

In the instant case, the plaintiff is the owner of a shopping center development located adjacent to Illinois Highway 161. The plaintiff alleges that in June of 1984, the defendant decided to relocate a portion of the highway adjacent to the plaintiff's property. The plaintiff states that although a public hearing was held, the notices for the hearing were inadequate, that the hearing did not provide an explanation and analysis of the social and economic impacts of the project, and that the hearing did not provide tentative schedules for right-of-way acquisition and construction. Further, the plaintiff alleges that the defendant did not fully consider the adverse economic, social, and environmental effects of the project. The plaintiff contends that all of this is in contravention of 23 U.S.C. §§ 109(h) and 128. The plaintiff seeks to enjoin the defendant from proceeding with the relocation and to compel him to consider compensation to which the plaintiff will be entitled in determining the cost of the project and in making the decision to relocate.

The defendant counters these assertions by arguing that the eleventh amendment bars any action against the defendant since the plaintiff in essence seeks to enjoin the state from proceeding with the location. Further, the defendant contends that since the Secretary has accepted certification from the Illinois Department of Transportation, federal law is inapplicable.

■■■ Although this Court cannot compel the defendant to comply with state law, *Pennhurst State School & Hospital v.*

*Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), it can grant prospective relief against state officials to force compliance with federal regulations. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). In the instant case, the plaintiff seeks to compel the defendant to comply with the Act. As such, the eleventh amendment would not bar such relief.

A more troublesome question results from the Secretary's acceptance of the Illinois Department of Transportation's certification. The defendant contends that such acceptance destroys federal question jurisdiction because Illinois regulations replace federal law. The plaintiff argues that this acceptance does not relieve the defendant from the obligations set forth in the Act.

Pursuant to the clear language in § 117, the Secretary may discharge his responsibilities under the Act by accepting certification. He can accept certification only if he finds that the state regulations will accomplish the objections of the Act. Once the Secretary makes this determination and accepts certification, state regulations apply. This conclusion is clearly enunciated in the legislative history of § 117.

> The intent of the certification acceptance is to give a State the right to use the alternative procedure provided the Secretary finds that it has laws, regulations, directives and standards establishing requirements at least equivalent to those contained in, or issued pursuant to, Title 23, of utilizing its own laws and implementing procedures in carrying out its Federal-aid highway project responsibilities.

H.R.Rep. No. 118, 93rd Cong. 1st Sess. *reprinted in* 1973 U.S.Code Cong. & Ad. News 1859, 1872. For example:

> if a State has laws, regulations, directives and standards establishing requirements at least equivalent to those contained in Title 23, for public hearings, then specific public hearing procedures now utilized will no longer be applicable except to Interstate projects in that State

if the Secretary has accepted that State's certification.

*Id.* at 1871–72.

■ By providing the states and the Secretary the options of relying on the states own regulations to achieve federal goals and objectives, Congress hoped that growing federal domination would be halted and the proper balance of power in the federal-state relationship would be reestablished. *Id.* at 1872. Faced with such clear language and intent, this Court is convinced that state law applies and that this Court lacks federal question jurisdiction. Congress has vested the Secretary with the authority to replace the federal regulations with the state regulations if he finds that the state regulations accomplish the objections of the Act. In such a case, no federal action exists. *Cf. District of Columbia v. Schramm,* 631 F.2d 854 (D.C.Cir.1980).

This is not to say that the plaintiff cannot challenge in federal court the Secretary's decision to accept certification via the Administrative Procedure Act 5 U.S.C. § 702, see *Center For Auto Safety v. Tiemann,* 414 F.Supp. 215 (D.D.C.1976), *rev'd on other grounds sub nom., Center For Auto Safety v. Cox,* 580 F.2d 689 (D.C. Cir.1978), or challenge the Secretary's refusal to rescind the acceptance pursuant to 23 U.S.C. § 117(d). Further, the plaintiff can bring an action in Illinois state court to compel the defendant to follow the applicable state regulations.

Accordingly, the Court GRANTS the defendant's Motion to Dismiss (Document No. 6). The plaintiff's complaint is hereby DISMISSED without prejudice for lack of federal question jurisdiction.

IT IS SO ORDERED.